# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EDDIE EARL ARRINGTON, #37495**                                    **PETITIONER**

**VERSUS**                                                            **No. 1:11-cv-00316-HSO-RHW**

**STATE OF MISSISSIPPI and**
**CHRISTOPHER EPPS**                                                  **RESPONDENTS**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court are [1] the petition for federal habeas corpus relief filed August 15, 2011 by Petitioner Eddie Earl Arrington pursuant to 28 U.S.C. § 2254, and [10] the Respondents' December 19, 2011 motion to dismiss the petition pursuant to FED.R.CIV.P. 12(b) for failure to state a claim upon which relief can be granted. The Petitioner filed no response to the motion to dismiss, however, because the motion is dispositive in nature, the undersigned has considered it on the merits. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that the motion to dismiss should be granted.

## FACTS AND PROCEDURAL HISTORY

On February 10, 1981, Eddie Arrington entered a plea of guilty to capital murder in the Circuit Court of Stone County, Mississippi, for which he was sentenced on April 18, 1981 to serve life imprisonment[1] in the custody of the Mississippi Department of Corrections. [10-1] Twenty-two years later, on April 18, 2003, Arrington filed a motion for post-conviction relief in the Stone County Circuit Court, which that court denied as time-barred on August 1, 2003. [10-2] The post-conviction motion asserted seven grounds, none of which concerned denial of parole. [10-3, pp. 5-6] On August 20, 2003, Arrington filed his post conviction petition with the

---

[1] The State waived imposition of the death penalty. [10-1]

Mississippi Supreme Court. [10-3] By order entered November 26, 2003, that court denied as time-barred Arrington's application for leave to seek post-conviction relief. [10-4]

Arrington filed the instant habeas petition August 15, 2011, alleging the Mississippi Parole Board has violated his constitutional rights by denying him parole. Arrington claims that since the law as it existed at the time of his conviction/sentence provided he would be eligible for parole consideration after serving ten years on his life sentence, he is now entitled to be paroled, and he asks this Court to discharge him or grant him unconditional release from the Mississippi Department of Corrections.

## LAW AND ANALYSIS

Federal habeas relief for one in custody pursuant to the judgment of a state court is warranted "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To maintain a federal habeas petition, Arrington must be deprived of some right secured to him by the Constitution or laws of the United States. *Id*. The substance of Arrington's claim is that the Mississippi Parole Board has denied him parole. However, Mississippi parole statutes, (even as they existed at the time of Arrington's guilty plea and sentence) are permissive rather than mandatory in nature. These statutes confer absolute discretion on the Parole Board and afford a prisoner no constitutionally protected liberty interest in parole. *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987); *Irving v. Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984)("the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach.") Mississippi law provides no absolute right to parole, nor is such a right recognized under federal law. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)("There is no constitutional or inherent right of a convicted person

to be conditionally released before the expiration of a valid sentence."). Both the Mississippi Supreme Court and the Fifth Circuit have consistently held that the Mississippi parole statutes, MISS. CODE ANN. § 47-7-17, *et seq.*, are permissive, not mandatory, and therefore do not create a liberty interest sufficient to maintain a habeas action for failure to parole. The Mississippi parole statutes provide "no more than the mere hope that the benefit will be obtained." *Davis v. State*, 429 So.2d 262, 263 (Miss. 1983). For this Court to protect Arrington's interest in parole, he must have "a legitimate claim of entitlement to it," rather than a unilateral, subjective expectation of parole. *See Greenholtz*, 442 U.S. at 7. The Mississippi statutes provide no legitimate claim of entitlement to parole.

Denial of parole is Arrington's sole ground for habeas relief in this case, and he has not shown the Parole Board's decisions to deny him parole were arbitrary. His habeas petition is therefore subject to dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), FED.R.CIV.P., as it appears beyond doubt that he "can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). There being no constitutionally protected right to parole, the denial of parole under the Mississippi statutes cannot form the basis for federal habeas relief, and Arrington's petition should be dismissed. Even if this were not the case, Arrington's claim would still fail in this Court, as the pleadings and documents on file plainly establish that he has not exhausted his state court remedies with respect to the parole issue as required by 28 U.S.C. § 2254(b).

To exhaust state remedies, Arrington must have "fairly presented the substance of his [parole denial] claim to the state courts," either on direct review or post-conviction attack. *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983), *cert. denied*, 464 U.S. 1053 (1984); *see also*, *Morris*

*v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983). The Fifth Circuit has recognized that an appeal by a Mississippi prisoner regarding eligibility for parole is cognizable under MISS. CODE ANN. § 99-39-5(1)(h), which provides the means for an inmate to challenge his incarceration based upon a claim that he is unlawfully held in custody. *See Lott v. Murphy*, 20 F.3d 468 (5th Cir. March 24, 1994) (not selected for publication)(citing *Milam v. State*, 578 So.2d 272, 273 (Miss. 1991). Arrington failed to exhaust this adequate state remedy prior to filing the instant petition, and his petition, if it were deemed to state a claim upon which relief could be granted, should be dismissed for failure to exhaust.

## RECOMMENDATION

Based on the Petition, the record and documents on file, and relevant legal authority, the undersigned recommends that Respondent's motion to dismiss be granted, and Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice for failure to state a claim upon which relief can be granted, or alternatively, without prejudice for failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this 28th day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE